UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, ET AL., | CIVIL ACTION |
| VERSUS | NO. 15-6193 |
| U.S. ARMY CORPS OF ENGINEERS, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Defendants United States Army Corps of Engineers, Lt. General Thomas P. Bostick, in his official capacity, Colonel Richard L. Hansen, in his official capacity, and Secretary of the Army Eric K. Fanning, in his official capacity, (collectively, the Corps) move to dismiss plaintiffs' First Amended Complaint for lack of subject matter jurisdiction. Because the Court finds that plaintiffs have failed to challenge a final agency action, the motion is granted.

### I.     BACKGROUND

According to plaintiffs' complaint, Maurepas Pipeline, LLC plans to build an oil pipeline through the Maurepas Basin, one of the Gulf Coast's

largest wetlands areas.[1]  Consistent with its obligations under the Clean Water Act, *see* 33 U.S.C. § 1311(a), Maurepas Pipeline sought a dredge and fill permit for its project from the Army Corps of Engineers.[2]

Section 404 of the Clean Water Act authorizes the Secretary of the Army, acting through the Corps, to issue a permit for the discharge of dredged or fill material into navigable waters "after notice and opportunity for public hearings." 33 U.S.C. § 1344(a).  The public notice required by the statute "is the primary method of advising all interested parties of the proposed activity for which a permit is sought and of soliciting comments and information necessary to evaluate the probable impact on the public interest." 33 C.F.R. § 325.3(a). Accordingly, such notice must "include sufficient information to give a clear understanding of the nature and magnitude of the activity to generate meaningful comment." *Id.*

The Corps issued a public notice regarding the Maurepas Pipeline project on June 8, 2015.[3]  The notice announced a 30-day public comment period, concluding on July 8, 2015.[4]  Plaintiffs allege that the public notice

---

[1]     R. Doc. 12 at 1, 11.
[2]     *Id.* at 1.
[3]     *Id.* at 14.
[4]     *Id.*

2

failed to comply with section 325.3(a)'s disclosure requirement in several ways.[5]

First, the public notice allegedly did not provide information about alternative "sites and activities" for the project.[6] Second, the notice included a summary of Maurepas Pipeline's permit application, but not the full application.[7] Third, the public notice allegedly lacked "any meaningful information" regarding Maurepas Pipeline's plan for mitigating environmental impact.[8] Fourth, the notice did not discuss possible "cumulative impacts" associated with the project.[9] Plaintiffs allege that these omissions frustrated their ability to asses and provide meaningful comment on Maurepas Pipeline's application.[10]

On September 15, 2015, plaintiffs sent the Corps a letter requesting that the agency reopen the public comment period.[11] The Corps refused, and this suit followed on November 20, 2015.[12] Plaintiffs amended their complaint on December 22, 2015.[13] In the First Amended Complaint,

---

[5]   *Id.*
[6]   *Id.*
[7]   *Id.* at 15.
[8]   *Id.*
[9]   *Id.*
[10]  *Id.* at 15-16.
[11]  *Id.* at 17.
[12]  R. Doc. 1.
[13]  R. Doc. 12.

3

plaintiffs ask the Court to declare the Corps' public notice regarding the Maurepas Pipeline application inadequate, and order the Corps to issue new public notice and reopen the comment period.[14] On September 12, 2016, the Corps notified the Court that it had issued a Clean Water Act section 404 permit to Maurepas Pipeline in July of 2016.[15]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03–2223, 2006 WL 1450420, at \*2 (N.D. Tex. May 24, 2006). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac*

---

[14] *Id.* at 19.
[15] R. Doc. 30 at 2.

4

*Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro*, 74 F.3d at 659. The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 (5th Cir. 2013).

### III.  DISCUSSION

In its motion to dismiss, the Corps argues that this Court lacks subject matter jurisdiction for three reasons: 1) plaintiffs fail to challenge any final agency action; 2) plaintiffs' claims are not ripe for judicial review; and 3)

plaintiffs lack standing. Because the Court finds that plaintiffs have failed to challenge a final agency action, it does not reach the Corps' other arguments.

The Administrative Procedure Act accords judicial review to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C § 702. "Final agency action, however, is a jurisdictional prerequisite of judicial review." *Louisiana State v. U.S. Army Corps of Eng'rs*, No. 15-30962, 2016 WL 4446067, at *7 (5th Cir. Aug. 23, 2016). There are "two conditions that generally must be satisfied for agency action to be 'final' under the APA." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016). "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)); *see also Louisiana State,* 2016 WL 4446067 at *5 (stating that final agency action "occurs when the agency has 'asserted its final position on the factual circumstances underpinning' the agency action" (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 483 (2004)).

As an initial matter, the Court considers the effect of the Corps' recent revelation that it issued a Clean Water Act section 404 permit to Maurepas Pipeline in July of 2016.[16] Although the issuance of a permit likely constitutes a final agency action, this Court may exercise jurisdiction over this case only if plaintiffs' complaint, as and when filed, challenges a final agency action. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (7th Cir. 2016); *Leigh v. Salazar*, No. 11-608, 2012 WL 2367823, at *2 n.2 (D. Nev. June 21, 2012); *Malama Makua v. Rumsfeld*, 136 F. Supp. 2d 1155, 1161 (D. Haw. 2001); *see also Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 762 (5th Cir. 1996) ("Subject matter jurisdiction is determined at the time the complaint was filed."). The Corps' subsequent granting of the Maurepas Pipeline permit therefore does not alter the finality analysis.

Plaintiffs argue that although the Corps had not issued a final decision on whether to grant the Maurepas Pipeline permit at the time this suit was filed, the Corps' decision to close the comment period constitutes a final agency action.[17] It was at this point, according plaintiffs, that the allegedly

---

[16] R. Doc. 30 at 2.
[17] R. Doc. 20 at 3.

7

insufficient public notice "became final."[18]  Because the challenged action meets neither prong of the *Bennett* test, the Court rejects this argument.

Under the first prong, the Corps' decision is plainly the sort of interlocutory action that does not "mark the consummation of the agency's decisionmaking process." *Bennett*, 520 U.S. at 177-78; *see also Nat'l Wildlife Fed'n v. Adamkus*, 936 F. Supp. 435, 443 (W.D. Mich. 1996) ("Consideration of public comment is an intermediate stage in the process of creating a final agency action; it is a preliminary or procedural action subject to review upon final agency action.").  The public comment procedure exists to "evaluate the probable impact on the public interest," 33 C.F.R. § 325.3(a), and thereby inform the Corps before it takes final action.  Plaintiffs tacitly concede this point when they describe their injury as being "wrongfully deprived of their only opportunity to review and comment on the Maurepas [Pipeline] permit application."[19]  Because the notice and comment period is a mere step on the way to permit approval or denial, plaintiffs must table their grievances until the permitting process is complete.  *See* 5 U.S.C. § 704 (permitting review of a "preliminary, procedural, or intermediate agency action or ruling not directly reviewable   . . . on the review of the final agency action").

---

[18]     *Id.*
[19]     R. Doc. 12 at 17.

8

Plaintiffs' claim fails the second *Bennett* prong for nearly the same reason. At the time of filing, the Corps had not yet made a decision to grant or deny the permit. Therefore, no legal consequences flow from its decision to close the comment period. *See Texas v. Equal Employment Opportunity Comm'n*, No. 14-10949, 2016 WL 3524242, at *8 (5th Cir. June 27, 2016) ("'[L]egal consequences' are created whenever the challenged agency action has the effect of committing the agency itself to a view of the law that, in turn, forces the plaintiff either to alter its conduct, or expose itself to potential liability."). Although plaintiffs would like to play a greater role in the Corps' decision making process, plaintiffs' legal rights have not been altered by the allegedly premature closure. To resist this conclusion plaintiffs allege that they have suffered an "informational injury," and that, because there is no indication that the Corps will reopen the comment period, this informational deprivation is a final action. This argument fails for three reasons.

First, although a statute may, in some circumstances, create a judicially cognizable right to information, *see, e.g.*, *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 429 (5th Cir. 2013) ("This is the kind of concrete informational injury that the [Emergency Planning and Community Right-to-Know Act] was designed to redress."), the notice and comment procedure at issue here does not create such a right. The procedures

challenged by plaintiffs exist only to facilitate the section 404 permitting process; if Maurepas Pipeline had never sought a permit, the Corps would have no obligation to release any information or accept any comment. Rejecting an analogous claim under the Forest Service Decisionmaking and Appeals Reform Act (ARA), the Ninth Circuit explained at length why a notice and comment provision does not give rise to a freestanding informational injury claim:

> To ground a claim to standing on an informational injury, the ARA must grant a right to information capable of supporting a lawsuit. *See generally* Cass R. Sunstein, *Informational Regulation and Informational Standing:* Akins *and Beyond*, 147 U. Pa. L. Rev. 613, 642–43 (1999) (concluding that the "principal question after *Akins*, for purposes of 'injury in fact,' is whether Congress or any other source of law gives the litigant a right to bring suit"). Notice, of course, is a form of information (information that certain projects are being proposed), however Congress's *purpose* in mandating notice in the context of the ARA was not to disclose information, but rather to allow the public opportunity to comment on the proposals. Notice is provided as a predicate for public comment. . . . In other words, the ARA grants the public a right to process and to participation. Even though these rights necessarily involve the dissemination of information, they are not thereby *tantamount* to a right to information per se.

*Wilderness Soc., Inc. v. Rey*, 622 F.3d 1251, 1259 (9th Cir. 2010) (emphasis in original). Because plaintiffs have no legally cognizable right to information under section 404, the Corps' choice to withhold information is not a legal consequence under *Bennett.*

10

The second reason that plaintiffs' informational injury argument fails is that, as revealed by their own pleadings, plaintiffs' actual claimed injury is not deprivation of information but rather alleged exclusion from effective participation in the permitting process. In the First Amended Complaint, plaintiffs allege that they "are adversely affected and aggrieved by the Corps' actions because they are unable to generate meaningful input about this project and its alleged mitigation plans."[20] Plaintiffs' requested relief includes "[a]n order compelling the Corps to issue a new public notice and accept public comment on a complete Maurepas application."[21] As demonstrated by the complaint, plaintiffs' alleged injury is procedural rather than informational. Plaintiffs therefore do not face a legal consequence as contemplated in *Bennett*. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing.").

Finally, the Court finds that accepting plaintiffs' argument would be inconsistent with the "'pragmatic' approach [that] must be taken when deciding whether an agency action is 'final.'" *Texas v. Equal Employment*

---

[20] *Id.* at 5.
[21] *Id.* at 19.

11

*Opportunity Comm'n*, No. 14-10949, 2016 WL 3524242, at *7 (5th Cir. June 27, 2016). The limitation of judicial review to final agency actions insulates the administrative decisionmaking process from premature judicial interference and ensures that courts consider concrete, rather than abstract, disputes. The Court finds that accepting plaintiffs' proposed expansion of the universe of final agency action threatens this sensible separation between judicial and administrative functions.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS defendants' Motion to Dismiss. Accordingly, plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __19th__ day of September, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE